IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DOROTHY STICHT,                )
                               )
           Plaintiff,          )
                               )
v.                             )    No. 13-1267-T
                               )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
           Defendant.          )

ORDER REVERSING DECISION OF COMMISSIONER
AND AWARDING BENEFITS

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under the Social Security Act ("Act"). Plaintiff's application was denied initially and on reconsideration. On November 19, 2012, following a hearing, an administrative law judge ("ALJ") issued a fully favorable decision, finding that Plaintiff was under a disability as defined in the Act and entitled to benefits. However, on August 1, 2013, the Appeals Council of the Social Security Administration issued its own decision, finding that the ALJ's decision was not supported by substantial evidence and that Plaintiff was not disabled within the meaning of the Act. The Appeals Council's decision became the Commissioner's final decision.

Plaintiff then filed this action, requesting reversal of the Commissioner's decision. The Commissioner filed a motion to voluntarily remand the case for further proceedings.

Plaintiff did not consent to the request for remand, and this court denied the Commissioner's motion on July 9, 2014. The parties have fully briefed the court. For the reasons set forth below, the decision of the Commissioner is REVERSED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Drummond v. Commissioner, 126 F.3d 837, 840 (6th Cir. 1997), and whether the correct legal standards were applied. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). When the record contains substantial evidence to support the Commissioner's decision, the decision must be affirmed. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229(1938)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Felisky v. Bowen, 35 F.3d 1027,1035 (6th Cir. 1994).

A substantiality of evidence standard, however, does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a

whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994). A reviewing court must defer to findings of fact by an Appeals Council, if those findings are supported by substantial evidence, when those findings conflict with the factual findings of the ALJ. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

In the present case, the Commissioner does not argue that the decision should be affirmed but, instead, again argues for a remand under sentence four for further development of the record. The court finds that the Commissioner's decision should be reversed and that Plaintiff should be awarded benefits.

Plaintiff was born December 11, 1949. She graduated from high school. R. 45. She has past relevant work as a data entry clerk. R. 155, 157, 188. Plaintiff claims disability as a result of injuries from a vehicle accident on January 26, 2011, her alleged onset date. R. 28.

The ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (2) Plaintiff has severe impairments of degenerative disc disease of the lumbar and thoracic regions, carpal tunnel syndrome, osteoarthritis of the fingers (proximal interphalangel joints), diabetes mellitus type

2—uncontrolled with neuropathy, and uncontrolled hypertension; (3) Plaintiff's impairment or combination of impairments do not meet or equal in severity any impairment listed in Appendix 1, Subpart Plaintiff, Regulations No. 4; (4) Plaintiff retains the residual functional capacity to perform a modified range of sedentary work; she is limited to occasional stooping, crouching, crawling, kneeling, and balancing, and no sustained handling, fingering, or feeling with either hand; (5) Plaintiff is not able to perform her past relevant work;[1] (6) Plaintiff is an individual with a high school education and is closely approaching retirement age; (7) Plaintiff's job skills do not transfer to other occupations within her residual functional capacity; (8) considering Plaintiff's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform; (9) Plaintiff has been under a "disability" as defined in the Act since her alleged onset date.

The Appeals Council disagreed with the ALJ's residual functional capacity finding and the ALJ's determination that Plaintiff was disabled. Specifically, the Appeals Council found that substantial evidence did not support the ALJ's limitation to **no** sustained handling, fingering, or feeling with either hand. Instead, the Appeals Council determined that Plaintiff had the residual functional capacity to perform a modified range of sedentary work, limited to occasional stooping, crouching, crawling, kneeling, and balancing, continuously reaching with both hands, **occasionally** handling, fingering, and feeling with both hands, and

---

[1] At the administrative hearing, the vocational expert testified that, given Plaintiff's limitation to no sustained handling, fingering, or feeling with either hand, there were no jobs in the national economy that Plaintiff could perform. R. 38-45.

performing repetitive fine finger movements with both hands. According to the Appeals Council, Plaintiff could perform her past relevant work as a data entry clerk and was not disabled.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart Plaintiff of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Wyatt v. Secretary, 974 F.2d 680, 683-84 (6th Cir. 1992). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step at the Appeals Council level. The Appeals Council found that Plaintiff could perform her past relevant work and, thus, was not disabled.

The Commissioner acknowledges that the Appeals Council's step four finding that Plaintiff could return to her past work as a data entry clerk was in error because the vocational expert testified that this position required constant handling and fingering. Comm's Br. at p. 7 n. 6. The Commissioner also admits that the Appeals Council's step five finding that Plaintiff is not disabled is flawed, i.e., not supported by substantial evidence, but argues that remand, rather than a reversal and award of benefits, is appropriate. The Commissioner characterizes the vocational expert's testimony as "ambiguous" as to whether Plaintiff acquired transferable skills from her past work. Id. at p. 5. According to the Commissioner, a remand is necessary to develop the record on the "factual issue as to whether Plaintiff acquired transferrable skills from her past work." Id. If Plaintiff did not acquire transferable skills from her past work so that she could perform other work, the parties agree that she would be disabled within the meaning of the Act.[2]

In order to find transferability of skills to skilled sedentary work when the claimant is over the age of fifty-five, there must be "very little, if any, vocational adjustments required

---

[2] Medical Vocational Guideline Rule 201.06 would require a finding of "disabled," if Plaintiff's skills are not transferable while Rule 201.07, which the Appeals Council relied on, directs a finding of "not disabled."

in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Pt. 404, subpart P App. 2, Rule 201.00(f). Under the "Previous Work Experience" column for Table No. 1, both Rules 201.06 and 201.07 cite Rule 201.00(f). The Commissioner is required under Rule 201.00(f) to establish that Plaintiff has skills that are directly transferable. Weaver v. Secretary, 722 F.2d 310, 312 (6th Cir. 1983). A person who fits into this category on the grid is presumed disabled unless she has a particularly transferable skill or "vocational asset." Id. Someone of advanced age, like Plaintiff, "has little time to learn a new skill and apply it to a new job, especially if that person is restricted to sedentary work by a medical disability." Id.

In the present case, although the vocational expert testified that some general office skills such as using a computer, operating office machines and equipment would transfer, she further testified that the insurance clerk and information clerk jobs would "not utilize closely related, transferable skills." R. 42. In Weaver, the Sixth Circuit found that neither the ALJ nor the vocational expert made any showing that the claimant needed "very little, if any, vocational adjustment" and reversed the decision and awarded benefits. 722 F.2d at 312. Here, the only testimony on this point is not ambiguous and supports the ALJ's finding in that the vocational expert testified that the jobs would not use "closely related, transferable skills." R. 42.

Social Security Ruling 82-41 discusses transferability of skills, particularly with individuals who are over age fifty-five. Section 4(c) provides:

7

Individuals with these adverse vocational profiles can not be expected to make a vocational adjustment to substantial changes in work simply because skilled or semi-skilled jobs can be identified which have some degree of skills similarity with their PRW.[3] In order to establish transferability of skills for such individuals, the semi-skilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

In this case, Plaintiff's only past relevant sedentary work was as a data entry clerk, DOT No. 203.582-054. Plaintiff worked this job more than a decade before her onset date. R. 155. The vocational expert's testimony that the insurance clerk and information clerk jobs would "not utilize closely related, transferable skills" was on point as to whether there would be very little adjustment needed in terms of work processes, work settings, or the industry. R. 42. There was no testimony that Plaintiff's decade old general office skills would allow her to perform the identified jobs with "a high degree of proficiency with a minimal amount of job orientation." SSR 82-41. Plaintiff's age and the length of time between her work as a data entry clerk and her onset date support a finding that Plaintiff's skills would not be transferable.

Additionally, the ALJ's determination that the vocational expert testified that Plaintiff did not have transferable skills lends weight to a finding that the vocational expert's testimony concerning transferable skills was not ambiguous. As noted in Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988),

> We think the ALJ's opportunity to observe the demeanor of Willbanks and his mother, to evaluate what they said in light of how they said it, and to consider

---

[3] Past relevant work

> how it fit with the rest of the evidence was invaluable and should not have been discarded as lightly as the Appeals Council discarded it. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). This is especially so since the Appeals Council's findings conflict with the findings of an ALJ who has been intimately involved with a case.

847 F.2d at 303-04. The Willbanks court relied, in part, on the following language in Universal Camera v. NLRB, 340 U.S. 474 (1951):

> Evidence supporting [a reviewing board's] conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case.

340 U.S. at 496.[4]

The Commissioner has not met her burden by making a finding supported by substantial evidence that Plaintiff's skills are transferable. Consequently, the decision denying Plaintiff's claim for benefits must be reversed.

Having determined that the decision of the ALJ should be reversed, the court must decide whether the matter should be remanded to the Commissioner for further consideration or whether a remand for an award of benefits in warranted.

> If a Court determines that substantial evidence does not support the Secretary's decision, the Court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.

---

[4] The Universal Camera Court emphasized that "the 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree." 340 U.S. at 496.

Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id.

Here, the court finds that all material fact issues have been addressed and resolved, and there is no need for additional evidence. The proof of Plaintiff's disability is "strong and evidence to the contrary is lacking," as discussed above. Therefore, there is an adequate record to support the immediate award of benefits to Plaintiff.

Because there is not substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is REVERSED. The record establishes that Plaintiff is entitled to benefits without additional factfinding; consequently, the action is REMANDED to the Commissioner for an award of benefits. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE